FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA
2006 AUG 28 PM 4:54
SIGN
BY DEPUTY CLERK

**THE UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **DR. STEVEN RUSHING** | * | **CIVIL ACTION NO.** 06-623-RET-SCR |
| | * | |
| **VERSUS** | * | |
| | * | |
| **THE BOARD OF SUPERVISORS OF THE UNIVERSITY OF LOUISIANA SYSTEMS (SOUTHEASTERN LOUISIANA UNIVERSITY); DR. JOHN CRAIN, PROVOST & VICE PRESIDENT FOR ACADEMIC AFFAIRS AT SOUTHEASTERN LOUISIANA UNIVERSITY** | * * * * * * * * | **JUDGE** |
| | | **MAGISTRATE JUDGE** |

*************************************************************************

**<u>COMPLAINT WITH JURY DEMAND</u>**

The petition of Dr. Steven Rushing, a resident of the full age of majority of the Parish of East Baton Rouge, State of Louisiana, respectfully represents as follows:

1.

Named defendant herein are the Board of Supervisors of the University of Louisiana Systems (Southeastern Louisiana University) ("the Board"), which is located in East Baton Rouge Parish, State of Louisiana, and which is the governing body for Southeastern Louisiana University; and Dr. John Crain, the Provost and Vice President for Academic Affairs at Southeastern Louisiana University.

2.

This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331. The claims brought by the plaintiff include violations of 42 U.S.C. § 1983, and the First and Fourteenth Amendments to the United States Constitution. This Court has supplemental jurisdiction of all remaining claims, including claims for violations of the laws of the State of Louisiana, pursuant to 28 U.S.C. § 1367.

3.

The defendants herein are liable to the plaintiff for the following reasons:

4.

At all times relevant hereto, Dr. Steven Rushing was a tenured professor in the Music Department at Southeastern Louisiana University ("Southeastern" or "the university").

5.

During a prior lawsuit in Louisiana state courts, Southeastern Louisiana University unilaterally suspended Dr. Rushing's grievance rights, including putting a "freeze" on his pending grievances and disallowing him from processing any new grievances.

6.

The university repeatedly represented to the Louisiana state courts and Dr. Rushing that upon termination of that lawsuit, the university would consider all pending grievances, and would use the procedures in place at the time of the suspension.

7.

There are more than ten (10) pending grievances. All concern disputes as to the terms and conditions of his employment as a tenured university professor.

8.

One grievance, which was at the Board level at the time of suspension, was considered by the Board's Grievance Committee on August 25, 2005.

9.

Following consideration by the committee, the grievance was to be placed on the agenda for a public meeting of the Board.

10.

The Board's policies call for a ten-day pre-meeting notification of all items on its agenda for

the next meeting.

11.

The Board considered Dr. Rushing's grievance at its meeting on August 26, 2005, just one day after the committee meeting, without any notice to Dr. Rushing or any opportunity to be heard or to present evidence or testimony on his behalf.

12.

Dr. Rushing found out about the Board meeting approximately one week after it was held and a decision was already made.

13.

The Board's actions violated Dr. Rushing's constitutional right to due process of law.

14.

Other grievances, which are not yet to the Board-level but are to be considered first by the Dean, the Provost, and/or the Grievance Committee at Southeastern Louisiana University, have not been processed under any set of organized procedures.

15.

Dr. Rushing has repeatedly requested guidance from Dr. Crain and from the university's Grievance Committee, among others in the administration, on which set of procedural rules will be used to process his remaining grievances; however, the rules change at each level and with each grievance, disallowing Dr. Rushing any fundamental fairness or due process.

16.

In August 2005, Dr. John Crain agreed to consider one of Dr. Rushing's grievances, indicating in a letter on August 3, 2005, that his secretary would be contacting Dr. Rushing some time after August 14, 2005, to set up a meeting.

17.

That meeting was never scheduled, however, because the university closed a couple of weeks later during Hurricane Katrina, and when it was reopened, Dr. Rushing was out of town on university business, a fact which was well known to Defendant, John Crain.

18.

While the plaintiff was out of town, Dr. Crain imposed an arbitrary deadline for the meeting to occur, which was prior to Dr. Rushing's return to Louisiana. Thus, the deadline was impossible for Dr. Rushing to meet. In fact, he did not even learn of the deadline until after it had passed.

19.

This arbitrary setting of a deadline is in direct contravention to the university guidelines for processing grievances.

20.

Furthermore, the arbitrary deadline was created in an effort to stymie Dr. Rushing's grievance procedures and in retaliation for the prior litigation.

21.

The acts of the Board and Dr. Crain are in retaliation for the prior litigation and are attempts to keep him from being able to process his pending grievances.

22.

Furthermore, the acts are designed to interfere with Dr. Rushing's contractual rights to grievance procedures, which are part and parcel to his tenure status.

23.

As a result, the defendants are in violation of 42 U.S.C. § 1983, Title VII, and the First and Fourteenth Amendments to the United States Constitution. The defendants have unlawfully retaliated against Dr. Rushing and have violated his due process and contractual freedom rights.

24.

As a result of the defendants' actions, the plaintiff has suffered mental and emotional distress and anguish, loss of professional reputation, embarrassment, humiliation, and other general damages.

25.

A jury trial is demanded on all issues.

**WHEREFORE**, the plaintiff, Dr. Steven Rushing, respectfully prays for judgment in his favor and against the defendants, individually and in their official capacities, for such sums as are reasonable in the premises together with legal interest thereon from the date of judicial demand until paid, and all costs of the proceeding. The plaintiff further prays for attorney's fees and litigation expenses in accordance with 42 U.S.C. § 1988 and punitive damages, and any and all other general and equitable relief allowed by law.

Respectfully Submitted;

J. ARTHUR SMITH, III (La. Bar 07730)

REBECCA E. MAY-RICKS (La. Bar 28675)

SMITH LAW FIRM
830 North Street
Baton Rouge, LA 70802
Telephone (225) 383-7716
Facsimile (225) 383-7773
ATTORNEYS FOR DR. STEVEN RUSHING

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Dr. Steven Rushing

**DEFENDANTS**
Board of Supervisors, University of Louisiana System, and Dr. John Crain

(b) County of Residence of First Listed Plaintiff East Baton Rouge
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant East Baton Rouge
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
J. Arthur Smith, Smith Law Firm, 830 North St., Baton Rouge LA 70802
Rebecca E. May-Ricks, 830 North St., Baton Rouge, LA 70802

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ❒ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ❒ 2 U.S. Government Defendant
- ❒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)

(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❒ 1 | ❒ 1 | Incorporated *or* Principal Place of Business In This State | ❒ 4 | ❒ 4 |
| Citizen of Another State | ❒ 2 | ❒ 2 | Incorporated *and* Principal Place of Business In Another State | ❒ 5 | ❒ 5 |
| Citizen or Subject of a Foreign Country | ❒ 3 | ❒ 3 | Foreign Nation | ❒ 6 | ❒ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ❒ 110 Insurance
- ❒ 120 Marine
- ❒ 130 Miller Act
- ❒ 140 Negotiable Instrument
- ❒ 150 Recovery of Overpayment & Enforcement of Judgment
- ❒ 151 Medicare Act
- ❒ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ❒ 153 Recovery of Overpayment of Veteran's Benefits
- ❒ 160 Stockholders' Suits
- ❒ 190 Other Contract
- ❒ 195 Contract Product Liability
- ❒ 196 Franchise

**REAL PROPERTY**
- ❒ 210 Land Condemnation
- ❒ 220 Foreclosure
- ❒ 230 Rent Lease & Ejectment
- ❒ 240 Torts to Land
- ❒ 245 Tort Product Liability
- ❒ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ❒ 310 Airplane
- ❒ 315 Airplane Product Liability
- ❒ 320 Assault, Libel & Slander
- ❒ 330 Federal Employers' Liability
- ❒ 340 Marine
- ❒ 345 Marine Product Liability
- ❒ 350 Motor Vehicle
- ❒ 355 Motor Vehicle Product Liability
- ❒ 360 Other Personal Injury

PERSONAL INJURY
- ❒ 362 Personal Injury - Med. Malpractice
- ❒ 365 Personal Injury - Product Liability
- ❒ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ❒ 370 Other Fraud
- ❒ 371 Truth in Lending
- ❒ 380 Other Personal Property Damage
- ❒ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ❒ 441 Voting
- ☒ 442 Employment
- ❒ 443 Housing/ Accommodations
- ❒ 444 Welfare
- ❒ 445 Amer. w/Disabilities - Employment
- ❒ 446 Amer. w/Disabilities - Other
- ☒ 440 Other Civil Rights

**PRISONER PETITIONS**
- ❒ 510 Motions to Vacate Sentence

Habeas Corpus:
- ❒ 530 General
- ❒ 535 Death Penalty
- ❒ 540 Mandamus & Other
- ❒ 550 Civil Rights
- ❒ 555 Prison Condition

**FORFEITURE/PENALTY**
- ❒ 610 Agriculture
- ❒ 620 Other Food & Drug
- ❒ 625 Drug Related Seizure of Property 21 USC 881
- ❒ 630 Liquor Laws
- ❒ 640 R.R. & Truck
- ❒ 650 Airline Regs.
- ❒ 660 Occupational Safety/Health
- ❒ 690 Other

**LABOR**
- ❒ 710 Fair Labor Standards Act
- ❒ 720 Labor/Mgmt. Relations
- ❒ 730 Labor/Mgmt.Reporting & Disclosure Act
- ❒ 740 Railway Labor Act
- ❒ 790 Other Labor Litigation
- ❒ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ❒ 422 Appeal 28 USC 158
- ❒ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ❒ 820 Copyrights
- ❒ 830 Patent
- ❒ 840 Trademark

**SOCIAL SECURITY**
- ❒ 861 HIA (1395ff)
- ❒ 862 Black Lung (923)
- ❒ 863 DIWC/DIWW (405(g))
- ❒ 864 SSID Title XVI
- ❒ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ❒ 870 Taxes (U.S. Plaintiff or Defendant)
- ❒ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ❒ 400 State Reapportionment
- ❒ 410 Antitrust
- ❒ 430 Banks and Banking
- ❒ 450 Commerce
- ❒ 460 Deportation
- ❒ 470 Racketeer Influenced and Corrupt Organizations
- ❒ 480 Consumer Credit
- ❒ 490 Cable/Sat TV
- ❒ 810 Selective Service
- ❒ 850 Securities/Commodities/ Exchange
- ❒ 875 Customer Challenge 12 USC 3410
- ❒ 890 Other Statutory Actions
- ❒ 891 Agricultural Acts
- ❒ 892 Economic Stabilization Act
- ❒ 893 Environmental Matters
- ❒ 894 Energy Allocation Act
- ❒ 895 Freedom of Information Act
- ❒ 900Appeal of Fee Determination Under Equal Access to Justice
- ❒ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ❒ 2 Removed from State Court
- ❒ 3 Remanded from Appellate Court
- ❒ 4 Reinstated or Reopened
- ❒ 5 Transferred from another district (specify)
- ❒ 6 Multidistrict Litigation
- ❒ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**:
42 USC 1983

Brief description of cause:
retaliation and due process violations

## VII. REQUESTED IN COMPLAINT:

❒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ❒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE n/a DOCKET NUMBER

DATE 8/28/06

SIGNATURE OF ATTORNEY OF RECORD [signature: Rebecca E. May-Ricks]

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

46990039 16