AO 399 (Rev. 10/95)

FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA
2006 NOV -2 PM 3:38
SIGN BY DEPUTY CLERK

# WAIVER OF SERVICE OF SUMMONS

TO: J. Arthur Smith, III, and Rebecca E. May-Ricks
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Charles Teamer, Sr. (DEFENDANT NAME), acknowledge receipt of your request

that I waive service of summons in the action of Rushing v. Board of Supervisors, et al (CAPTION OF ACTION),

which is case number 06-623-RET-SCR (DOCKET NUMBER) in the United States District Court

for the Middle District of Louisiana.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after 10-05-2006 (DATE REQUEST WAS SENT), or within 90 days after that date if the request was sent outside the United States.

10/27/06
(DATE)

[signature]
(SIGNATURE)

Printed/Typed Name: Charles Teamer

As Board Member (TITLE) of Board of Supervisors (CORPORATE DEFENDANT)

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399 (Rev. 10/95)

FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA
2006 NOV -2 PM 3:38
SIGN
BY DEPUTY CLERK

# WAIVER OF SERVICE OF SUMMONS

TO: J. Arthur Smith, III, and Rebecca E. May-Ricks
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Andre Coudrain (DEFENDANT NAME), acknowledge receipt of your request that I waive service of summons in the action of Rushing v. Board of Supervisors, et al (CAPTION OF ACTION), which is case number 06-623-RET-SCR (DOCKET NUMBER) in the United States District Court for the Middle District of Louisiana.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after 10-05-2006 (DATE REQUEST WAS SENT), or within 90 days after that date if the request was sent outside the United States.

10/27/06
(DATE)

[signature]
(SIGNATURE)

Printed/Typed Name: André Coudrain

As Board Member (TITLE) of Board of Supervisors (CORPORATE DEFENDANT)

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399 (Rev. 10/95)

FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA.
2006 NOV -2 PM 3:38
SIGN
BY DEPUTY CLERK

# WAIVER OF SERVICE OF SUMMONS

TO: J. Arthur Smith, III, and Rebecca E. May-Ricks
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Elsie P. Burkhalter, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of Rushing v. Board of Supervisors, et al,
(CAPTION OF ACTION)

which is case number 06-623-RET-SCR in the United States District Court
(DOCKET NUMBER)

for the Middle District of Louisiana.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after 10-05-2006,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

10/27/06 — Elsie P Burkhalter
(DATE) (SIGNATURE)

Printed/Typed Name: Elsie Burkhalter

As Board Member of Board of Supervisors
(TITLE) (CORPORATE DEFENDANT)

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399 (Rev. 10/95)

FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA
2006 NOV -2 PM 3:39
SIGN ______
BY DEPUTY CLERK

# WAIVER OF SERVICE OF SUMMONS

TO: J. Arthur Smith, III, and Rebecca E. May-Ricks
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Wayne Parker, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of Rushing v. Board of Supervisors, et al,
(CAPTION OF ACTION)

which is case number 06-623-RET-SCR in the United States District Court
(DOCKET NUMBER)

for the Middle District of Louisiana.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after 10-05-2006,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

Oct. 27, 2006
(DATE)

Wayne Parker
(SIGNATURE)

Printed/Typed Name: WAYNE PARKER

As Board Member of Board of Supervisors
(TITLE) (CORPORATE DEFENDANT)

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399 (Rev. 10/95)

FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA

2006 NOV -2 PM 3:39

SIGN
BY DEPUTY CLERK

# WAIVER OF SERVICE OF SUMMONS

TO: J. Arthur Smith, III, and Rebecca E. May-Ricks
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Winfred Sibille, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of Rushing v. Board of Supervisors, et al,
(CAPTION OF ACTION)

which is case number 06-623-RET-SCR in the United States District Court
(DOCKET NUMBER)

for the Middle District of Louisiana.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after 10-05-2006,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

10/27/06
(DATE)

[signature]
(SIGNATURE)

Printed/Typed Name: Winfred Sibille

As Board Member of Board of Supervisors
(TITLE) (CORPORATE DEFENDANT)

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399 (Rev. 10/95)

FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA

2006 NOV -2 PM 3:39

SIGN
BY DEPUTY CLERK

# WAIVER OF SERVICE OF SUMMONS

TO: J. Arthur Smith, III, and Rebecca E. May-Ricks
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Jimmy Long, Sr. (DEFENDANT NAME), acknowledge receipt of your request that I waive service of summons in the action of Rushing v. Board of Supervisors, et al (CAPTION OF ACTION), which is case number 06-623-RET-SCR (DOCKET NUMBER) in the United States District Court for the Middle District of Louisiana.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after 10-05-2006 (DATE REQUEST WAS SENT), or within 90 days after that date if the request was sent outside the United States.

10/27/06
(DATE)

Jimmy D. Long Sr.
(SIGNATURE)

Printed/Typed Name: Jimmy Long, Sr.

As Board Member (TITLE) of Board of Supervisors (CORPORATE DEFENDANT)

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399 (Rev. 10/95)

FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA

2006 NOV -2 PM 3:39

SIGN
BY DEPUTY CLERK

# WAIVER OF SERVICE OF SUMMONS

TO: J. Arthur Smith, III, and Rebecca E. May-Ricks
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Dr. Midred Gallot, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of Rushing v. Board of Supervisors, et al,
(CAPTION OF ACTION)

which is case number 06-623-RET-SCR in the United States District Court
(DOCKET NUMBER)

for the Middle District of Louisiana.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after 10-05-2006,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

10/27/06
(DATE)

Mildred G. Gallot
(SIGNATURE)

Printed/Typed Name: Mildred G. GALLOT

As Board Member of Board of Supervisors
(TITLE) (CORPORATE DEFENDANT)

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399 (Rev. 10/95)

FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA

2006 NOV -2 PM 3:39

SIGN
BY DEPUTY CLERK

# WAIVER OF SERVICE OF SUMMONS

TO: J. Arthur Smith, III, and Rebecca E. May-Ricks
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Michael Woods, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of Rushing v. Board of Supervisors, et al,
(CAPTION OF ACTION)

which is case number 06-623-RET-SCR in the United States District Court
(DOCKET NUMBER)

for the Middle District of Louisiana.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after 10-05-2006,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

10/27/06
(DATE)

[signature]
(SIGNATURE)

Printed/Typed Name: Michael H. Woods

As Board Member of Board Of Supervisors
(TITLE) (CORPORATE DEFENDANT)

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399 (Rev. 10/95)

FILED
U.S. DIST. COURT
MIDDLE DIST. OF L
2006 NOV -2 PM 3:39
SIGN
BY DEPUTY CLERK

# WAIVER OF SERVICE OF SUMMONS

TO: J. Arthur Smith, III, and Rebecca E. May-Ricks
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Eunice Smith, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of Rushing v. Board of Supervisors, et al,
(CAPTION OF ACTION)

which is case number 06-623-RET-SCR in the United States District Court
(DOCKET NUMBER)

for the Middle District of Louisiana.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after 10-05-2006,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

10/27/06 — Eunice W. Smith
(DATE) (SIGNATURE)

Printed/Typed Name: Eunice W. Smith

As Board Member of Board of Supervisors
(TITLE) (CORPORATE DEFENDANT)

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399 (Rev. 10/95)

FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA

2006 NOV -2 PM 3:39

SIGN
BY DEPUTY CLERK

# WAIVER OF SERVICE OF SUMMONS

TO: J. Arthur Smith, III, and Rebecca E. May-Ricks
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Aron Walker, III, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of Rushing v. Board of Supervisors, et al,
(CAPTION OF ACTION)

which is case number 06-623-RET-SCR in the United States District Court
(DOCKET NUMBER)

for the Middle District of Louisiana.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after 10-05-2006,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

10/27/06
(DATE)

[signature]
(SIGNATURE)

Printed/Typed Name: Aron Walker

As Board Member of Board of Supervisors
(TITLE) (CORPORATE DEFENDANT)

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399 (Rev. 10/95)

FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA
2006 NOV -2 PM 3:39
BY DEPUTY CLERK

# WAIVER OF SERVICE OF SUMMONS

TO: J. Arthur Smith, III, and Rebecca E. May-Ricks
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Gordon Pugh (DEFENDANT NAME), acknowledge receipt of your request

that I waive service of summons in the action of Rushing v. Board of Supervisors, et al (CAPTION OF ACTION),

which is case number 06-623-RET-SCR (DOCKET NUMBER) in the United States District Court

for the Middle District of Louisiana.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after 10-05-2006 (DATE REQUEST WAS SENT), or within 90 days after that date if the request was sent outside the United States.

10/27/06
(DATE)

Linda Law Clark on behalf of Gordon Pugh
(SIGNATURE)

Printed/Typed Name: LINDA LAW CLARK

As Attorney (TITLE) of Board of Supervisors (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399 (Rev. 10/95)

FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA

2006 NOV -2 PM 3:39

SIGN
BY DEPUTY CLERK

# WAIVER OF SERVICE OF SUMMONS

TO: J. Arthur Smith, III, and Rebecca E. May-Ricks
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Jeff Jenkins, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of Rushing v. Board of Supervisors, et al,
(CAPTION OF ACTION)

which is case number 06-623-RET-SCR in the United States District Court
(DOCKET NUMBER)

for the Middle District of Louisiana.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after 10-05-2006,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

10/27/06
(DATE)

[signature] on behalf of Jeff Jenkins
(SIGNATURE)

Printed/Typed Name: Linda Law Clark

As Attorney of Board of Supervisors
(TITLE) (CORPORATE DEFENDANT)

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399 (Rev. 10/95)

FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA

2006 NOV -2 PM 3:39

SIGN
BY DEPUTY CLERK

# WAIVER OF SERVICE OF SUMMONS

TO: J. Arthur Smith, III, and Rebecca E. May-Ricks
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Robert Hale, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of Rushing v. Board of Supervisors, et al,
(CAPTION OF ACTION)

which is case number 06-623-RET-SCR in the United States District Court
(DOCKET NUMBER)

for the Middle District of Louisiana.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after 10-05-2006,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

10/27/06
(DATE)

Linda Law Clark on behalf of Robert Hale
(SIGNATURE)

Printed/Typed Name: LINDA LAW CLARK

As Attorney of Board of Supervisors
(TITLE) (CORPORATE DEFENDANT)

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399 (Rev. 10/95)

FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA

2006 NOV -2 PM 3:39

SIGN
BY DEPUTY CLERK

# WAIVER OF SERVICE OF SUMMONS

TO: J. Arthur Smith, III, and Rebecca E. May-Ricks
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Victor Bussie, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of Rushing v. Board of Supervisors, et al,
(CAPTION OF ACTION)

which is case number 06-623-RET-SCR in the United States District Court
(DOCKET NUMBER)

for the Middle District of Louisiana.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after 10-05-2006,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

10/27/06
(DATE)

Linda Law Clark on behalf of Victor Bussie
(SIGNATURE)

Printed/Typed Name: LINDA LAW CLARK

As Attorney of Board of Supervisors
(TITLE) (CORPORATE DEFENDANT)

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399 (Rev. 10/95)

FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA

2006 NOV -2 PM 3:39

SIGN________
BY DEPUTY CLERK

# WAIVER OF SERVICE OF SUMMONS

TO: J. Arthur Smith, III, and Rebecca E. May-Ricks
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Donald T. "Boysie" Bollinger, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of Rushing v. Board of Supervisors, et al,
(CAPTION OF ACTION)

which is case number 06-623-RET-SCR in the United States District Court
(DOCKET NUMBER)

for the Middle District of Louisiana.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after 10-05-2006,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

10/27/06
(DATE)

Linda Law Clark on behalf of Donald Bollinger
(SIGNATURE)

Printed/Typed Name: Linda Law Clark

As Attorney of Board of Supervisors
(TITLE) (CORPORATE DEFENDANT)

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399 (Rev. 10/95)

FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA.

2006 NOV -2 PM 3:39

SIGN
BY DEPUTY CLERK

# WAIVER OF SERVICE OF SUMMONS

TO: J. Arthur Smith, III, and Rebecca E. May-Ricks
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Walter Rhodes, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of Rushing v. Board of Supervisors, et al,
(CAPTION OF ACTION)

which is case number 06-623-RET-SCR in the United States District Court
(DOCKET NUMBER)

for the Middle District of Louisiana.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after 10-05-2006,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

10/27/06
(DATE)

Linda Law Clark on behalf of Walter Rhodes
(SIGNATURE)

Printed/Typed Name: LINDA LAW Clark

As Attorney of Board Of Supervisors
(TITLE) (CORPORATE DEFENDANT)

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.