**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **STEVEN RUSHING** | * | **CIVIL ACTION NO. 06-623** |
| | * | |
| **VERSUS** | * | **JUDGE TYSON** |
| | * | |
| **THE BOARD OF SUPERVISORS OF THE UNIVERSITY OF LOUISIANA SYSTEM (SOUTHEASTERN LOUISIANA UNIVERSITY); ET AL** | * * * * | **MAGISTRATE JUDGE RIEDLINGER** |

---

**SECOND AMENDED COMPLAINT**

**NOW INTO COURT**, through his undersigned counsel, comes the Plaintiff, Steven Rushing, respectfully amending his original complaint as follows:

1.

By amending Paragraph 1 to read as follows:

By deleting and dismissing the Board of Supervisors of the University of Louisiana Systems (Southeastern Louisiana University). By adding in their official capacities the following persons: Jimmy Long, Sr., Elsie Burkhalter, Michael Woods, Paul Aucoin, Victor Bussie, Renee Lapeyrolerie, Russell Mosely, Wayne Parker, Winfred Sibille, Eunice Smith, Olinda Ricard, Connie Rougeou, Andrew Coudrain, Dr. Mildred Gallot, Robert Hale, and Jeff Jenkins. Each of these persons is a resident of the State of Louisiana and is a member of the Board of Supervisors of the University of Louisiana Systems (Southeastern Louisiana University).

2.

By adding an additional paragraphs 5(a), 5(b), and 5(c) to read as follows:

5(a)

Not until September of 2006, after Dr. Rushing filed this suit, did Dr. Evenson promulgate a faculty absence policy, knowing that Dr. Rushing was the only faculty member that would be affected by the new policy . This policy limits the faculty member to two weeks of leave for creative activities per semester. Not having access to the grievance procedures, as his access had been suspended, the Plaintiff was not able to challenge the fairness of this policy. Both Dr. Rushing and Dr. Stephen Suber (tenured professor and senior faculty member in music) objected to the policy and requested that a departmental meeting be held to discuss and consider the issue before voting. No meeting was held and no discussion or consideration took place before Dr. Evenson promulgated the new policy. The Plaintiff's inability to participate in creative endeavors has the potential for adversely affecting his annual evaluations and merit salary increases, and his promotional opportunities. This policy, and its unreasonable, discriminatory and detrimental limitations and effect, also adversely affect Plaintiff's career goals, advancement and enrichment, as well as his future career advancement and/or employment opportunities, including increases in his earning ability.

5(b).

On September 17, 2007, the Plaintiff submitted a request for an absence and leave to participate in an opera program in California that required a three-week leave. The Plaintiff had previously made arrangements to provide substitute teachers for his classes during the time for which leave was required. Participation in creative endeavors is required as part of the Plaintiff's job. Such participation is the equivalent of scholarship and research for faculty members in other

fields. On September 20, 2007, for the first time since his appointment and tenure, Dr. Evenson, refused to grant the Plaintiff leave for the three weeks. Dr. Bourg and Dr. Crain also refused to grant him leave.

5(c).

The actions of the Defendants constitute a breach of Plaintiff's tenure contract that allowed a minimum of three weeks per semester for creative activities.

3.

By amending Paragraph 7 to read as follows:

There are approximately thirty (30) pending official, written grievances and complaints. Approximately one-half of these grievances originated after the judgment in the prior state court actions. These grievances and complaints concern disputes as to the terms and conditions of the Plaintiff's employment as a tenured Associate Professor at Southeastern as well as a number of important and serious issues of public concern. These issues of public concern include, without limitation, the following:

a.) Falsification of state documents by faculty and staff.

b.) Negligence, incompetence and malfeasance in office by the administration at public meetings.

c.) The University's policies governing the distribution of monies through research and grants which are discriminatory against faculty in the arts, such as Plaintiff.

d.) The violence in the workplace plan has been misused and ignored creating the potential for an unsafe environment for students, faculty, and staff.

e.) "New appointment" letters create illegal, unethical and unprofessional situations of concern for faculty members.

f.) Ethical standards, as cited in the Faculty Handbook, have been violated by the administration.

g.) The misinterpretation and non-application of policies prevent faculty members from having meaningful access to the grievance procedure.

h). The right to petition for the redress of grievances through grievances and/or lawsuits without the fear of adverse employment actions.

4.

By adding an additional paragraph 7(a) to read as follows:

Neither the policing, monitoring or overseeing of, or reporting about the above referenced areas of public concern, nor the filing of the aforesaid grievances and complaints were required by nor within the Plaintiff's official job duties, as the Plaintiff had no job duties requiring him to do these things.

5.

By adding an additional paragraph 15 (a) to read as follows:

After conducting a grievance hearing on July 19, 2005, using policies in place at the time the grievances were suspended, Dr. Evenson changed his mind over night, and applied new policies that were in place after the grievances were suspended. On Friday September 30, 2005 at the first meeting with the dean subsequent to the state litigation, Dr. Bourg informed Dr. Rushing that she (Bourg) would not use the procedures in place at the time of the suspensions. On June 16, 2005, Dr. Crain decided to use the older policies for only one of the older grievances, leaving the remaining older grievances to be processed according to new policies. On August 25, 2005, The Board applied new policies to old grievances, denying Dr. Rushing the freedom to speak on the particular outcomes of the grievances and limiting his speech to only

those facts and issues that reveal whether an appropriate process has been provided to the grievant. The individual Board members, Dr. Crain, Dr. Evenson and Dr. Bourg have refused to use the procedures in place at the time of the grievance suspensions, as was represented to the State courts and the Plaintiff by the Defendants, during the prior State court proceedings.

6.

By adding an additional paragraph 18 (a) to read as follows:

After Dr. Rushing brought these facts to the attention of Dr. Crain, he (Crain) unilaterally declared that the deadline for rescheduling the meeting had ”expired”, and he (Crain) refused to entertain the notion of rescheduling the meeting with Dr. Rushing

7.

By adding the following to paragraph 24:

Plaintiff has had to seek additional counseling with additional and increased doses of, medication for, depression and sleep deprivation.

8.

By adding the following additional paragraph 26 to read as follows:

The actions of the Defendants Crain, Evenson, Alessi, and Bourg were recklessly indifferent to the Plaintiff’s federal constitutional rights.

9.

By amending the prayer to read as follows:

WHEREFORE, the Plaintiff, Steven Rushing, respectfully prays for judgment against the Defendants, Jimmy Long, Sr., Elsie Burkhalter, Michael Woods, Paul Aucoin, Victor Bussie, Renee Lapeyrolerie, Russell Mosely, Wayne Parker, Winfred Sibille, Eunice Smith, Olinda

Ricard, Connie Rougeou, Andrew Coudrain, Dr. Mildred Gallot, Robert Hale, and Jeff Jenkins in their official capacities as follows:

1.) For equitable and injunctive relief against these Defendants ordering and requiring these Defendants to process the grievances of Steven Rushing according to the grievance procedure established and approved by the Board of Supervisors.

2.) For equitable and injunctive relief against these Defendants enjoining and prohibiting them from interfering with the grievance rights of Steven Rushing;

WHEREFORE, the Plaintiff, Steven Rushing, respectfully prays for judgment herein against the Defendants, Hunter Alessi, John Crain, David Evenson, and Tammy Bourg in the official capacities as follows:

1.) For equitable and injunctive relief against these Defendants ordering and requiring these Defendants to process the grievances of Steven Rushing according to the grievance procedure established and approved by the Board of Supervisors.

2.) For equitable and injunctive relief against these Defendants enjoining and prohibiting them from interfering with the grievance rights of Steven Rushing;

3.) For compensatory damages against these Defendants in their personal capacities for such sums as are reasonable in the premises together with legal interest thereon from the date of judicial demand until paid;

4.) For punitive damages against these Defendants;

WHEREFORE, the Plaintiff, Steven Rushing, respectfully prays for judgment against all Defendants herein as follows:

1.) For attorney's fees and litigation expenses in accordance with 42 U.S.C. § 1988 and punitive damages.

2.) For all costs.

3.) For any and all other or alternative relief allowed by law.

**RESPECTFULLY SUBMITTED:**

**SMITH LAW FIRM**

s/J. Arthur Smith, III______________
**J. ARTHUR SMITH, III** (Bar No. 07730)
830 North Street
Baton Rouge, Louisiana 70802
Telephone: (225) 383-7716
Facsimile: (225) 383-7773
j_asmith@bellsouth.net
*Counsel for Plaintiff, Steven Rushing*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Second Supplemental and Amended Complaint has this date been served by being filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel by operation of the court's electronic filing system.

Baton Rouge, Louisiana this 23rd day of January, 2008.

____s/ J. Arthur Smith, III____
**J. ARTHUR SMITH, III**