**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**DR. STEVEN RUSHING** **CIVIL ACTION 06-623**

**VERSUS**

**BOARD OF SUPERVISORS OF THE UNIVERSITY OF LOUISIANA SYSTEM, ET AL**

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**ANSWER AND DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

**NOW COME** all defendants through undersigned counsel appearing and answering the Second Amended Complaint, re-urging any and all denials and defenses previously raised in the initial and first amended complaint and appearing as follows:

**FIRST DEFENSE**

1.

Plaintiff has failed to state a claim against the defendants for which this Court may grant relief.

**SECOND DEFENSE**

2.

Defendants lack jurisdiction over party defendants through the application of the Eleventh Amendment. Further, plaintiff's effort to name the defendant Board of Supervisors by naming them each individually in official capacity performing their official functions under a §1983 action does not suffice to support jurisdiction over such claim against the State The Board is the

corporate entity and the individual members are in essence being named in their official capacity as the Board and therefore such claims under §1983 are barred under the Eleventh Amendment of the United States Constitution.

**THIRD DEFENSE**

3.

Defendants raise lack of jurisdiction over party defendants. The plaintiff raises claims under State law against the State and/or its individual officials which are barred as a monetary action against same is not permitted under the Eleventh Amendment in Federal court and further, individual officials are not subjected under §1983 as they are named in official capacity. In the extent that they have in fact been named in their personal capacity, they would be entitled to qualified immunity.

**FOURTH DEFENSE**

4.

Newly named defendants Jimmy Long, Sr., Elsie Burkhalter, Michael Woods, Paul Aucoin, Victor Bussie, Renee Lapeyrolerie, Russell Mosely, Wayne Parker, Winfred Sibille, Dr. Eunice Smith, Olinda Ricard, Connie Rougeou, Andrew (sic) Coudrain, Dr. Mildred Gallot, Robert Hale, and Jeff Jenkins are not subject as officials to suit in Federal court for monetary damages under §1983 nor suit under State claims under the Eleventh Amendment issue previously cited. Further, certain named individual members did not serve or are not officially members of the Board during portions of the time in question. Any and all actions taken by defendants were done in their official capacity and as such were in the exercise of their policy making duties and/or discretionary acts and all such acts were within the course and scope of the

lawful powers and duties. For such reasons, liabilities are additionally barred by La. R. S. 9:2798.1.

**FIFTH DEFENSE**

5.

All actions taken by both newly named defendants and prior defendants were taken in good faith under law with probable cause, without malice, and are clearly afforded immunity from this action under both State and Federal law. Defendants further state any actions taken or failed to be taken towards the plaintiff is subject to the qualified privileges in the course and scope of their performance as previously cited as part of their employment duties or official capacities and any actions taken were in performance of such duties and are true and correct to the best of their knowledge.

**SIXTH DEFENSE**

6.

Plaintiff is not entitled to monetary relief.

**SEVENTH DEFENSE**

7.

All policies, procedures and practices for employment appeals and the governance of the University and its employees within the System as well as the actions by the Board, now named individually rather than in toto both as to the member institutions and the System itself at the staff and Board level, have been and are applied equally to all parties regardless of sex, religion or race.

**EIGHTH DEFENSE**

8.

The defendants further plead any and all injuries, damages or allegations of such as claimed by the plaintiff should be found to be the result of or through the fault of third parties and/or contribution of the action(s) or failure(s) of the plaintiff himself solely and/or contributorily and/or comparatively negligent and as such must be adjusted accordingly.

**NINTH DEFENSE**

9.

The plaintiff states no cause of action as any actions are prescribed or have been barred by res judicata/collateral estoppel.

**TENTH DEFENSE**

10.

As to any claims deemed not barred by the above defenses and objections raised, the plaintiff has failed to exhaust any administrative remedies as to any new claims raised.

**ELEVENTH DEFENSE**

**NOW FURTHER APPEARING AND ANSWERING**, the defendants do respond to Plaintiff's Second Amended Complaint as follows:

11.

The allegations of fact in Paragraph 1 of the Second Amended Complaint acknowledge that Southeastern Louisiana University (SLU) was improperly named as a defendant and has therefore been dismissed from this Complaint and that the Board of Supervisors of (sic) the University of Louisiana System. Plaintiff has dismissed Defendant the Board of Supervisors (the

“Board”) for the University of Louisiana System (“ULS”) by substituting names of the individuals Jimmy Long, Sr., Elsie Burkhalter, Michael Woods, Paul Aucoin, Victor Bussie, Renee Lapeyrolerie, Russell Mosely, Wayne Parker, Winfred Sibille, Dr. Eunice Smith, Olinda Ricard, Connie Rougeou, Andrew (sic) Coudrain, Dr. Mildred Gallot, Robert Hale, and Jeff Jenkins in official capacity but defendants deny same are subject to suit in their official capacity under the Eleventh Amendment. Further responding to Paragraph 1, Michael Woods is neither a current member of the Board of Supervisors nor a resident of the State of Louisiana. Andrew Coudrain is improperly named as his name is Andre Coudrain. Paul Aucoin, Rene Lapeyrolerie, and Connie Rougeou were not members of the Board of Supervisors either in the initial or First Amended Complaint in which allegations of this action occurred and therefore were not a member of the Board at the time in question. Connie Rougeau additionally is not a member of the Board now. Olinda Ricard is a one-year student appointed member of the Board of Supervisors, no longer serves on the Board and additionally did not serve during the time in question of the original and First Amended lawsuits.

12.

The allegations of Paragraph 2 in the substitution of 5 (a) and 5 (b) and 5(c) of the original and First Amended Complaint are denied as follows: The allegations in Paragraph 2 amending 5(a) are denied. The allegations of Paragraph 2 of the Second Amended Complaint, Paragraph 5(b) are admitted as to a request for leave of absence and an excess of the permitted policy by the University and its Board admitted as to the failure to grant as requested and admitted and further note that the request was withdrawn. All else was denied. The allegations of fact in Paragraph 2 of the Second Amended Complaint amending Paragraph 5(c) are denied.

13.

The allegations of fact in Paragraph 3 amending Paragraph 7 are denied as to the number of official written grievances pending, denied as to public concern, and denied as to all allegations of improper conduct delineated in this Paragraph, including but not limited to, a, b, c, d, e, f, g and h.

14.

The allegations of Paragraph 4 in the Second Amended Complaint amending Paragraph 7(a) of the prior Complaints appear to suggest that the plaintiff has some legal duty to report certain things. Due to the confusion of the paragraph, in an abundance of caution it is denied for lack of understanding of what it is the plaintiff is alleging in this allegation.

15.

The allegations of Paragraph 5 of the Second Amended Complaint amending Paragraph 15(a) of the prior Complaints are denied, re-incorporating all prior denials, defenses and policies and procedures that are applied to the University and its employees by the System and specifically denying any actions by any defendants, the State, the Board or its members, in First Amendment violation.

16.

The allegations in Paragraph 6 in the Second Amended Complaint amending Paragraph 18(a) are denied.

17.

The allegations of fact in Paragraph 7 of the Second Amended Complaint amending Paragraph 24 of prior complaints is denied for lack of sufficient information upon which to base

a belief.

18.

The allegations of fact in Paragraph 8 amending original Paragraph 26 are denied.

19.

The allegations of fact in Paragraph 9 need no answer as they merely refer to a prayer of relief but defendants specifically deny any relief is required.

**WHEREFORE** defendants pray this Answer be deemed good and sufficient and after all necessary actions are taken this matter be dismissed with prejudice and that all costs and attorneys fees for the filing of this frivolous action be assessed against the plaintiff and in favor of the defendants.

It is further requested by the defendants that any claim for equitable and injunctive relief be denied as there is no Constitutional or State right as to those actions that may or may not still be existing in proceeding and therefore again this is a frivolous action based upon the prior rulings of prior courts in this and similar matters which should be dismissed with costs and attorneys fees assessed against plaintiff.

It is further requested of this Court that this case be dismissed with prejudice denying attorneys fees and litigation expenses, awarding same for the defendants, as a filing of a frivolous and unnecessary action by the plaintiff in an effort to ignore prior rulings by this Court and State and Federal law.

Respectfully submitted,

DECUIR, CLARK & ADAMS, L.L.P.

*S/ Linda Law Clark*

Winston G. DeCuir, Sr.
Bar Roll No. 04795
Linda Law Clark
Bar Roll No. 22305
Winston G. DeCuir, Jr.
Bar Roll No. 25642
732 North Boulevard
Baton Rouge, LA 70802
Phone: (225) 346-8716
Fax: (225) 336-1950

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Answer and Defenses to Plaintiff's Second Amended Complaint has been served on plaintiff through his counsel of record, J. Arthur Smith III, electronically this25th day of June, 2008 and by placing same in US mail, postage prepaid on same date.

*s/ Linda Law Clark*
Linda Law Clark

G:\ULS\SLU\Dr.SteveRushing\Answer & Defenses to Plaintiff's 2nd Amended Complaint 4-21-08.wpd