UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DR. STEPHEN RUSHING

VERSUS

THE BOARD OF SUPERVISORS OF
THE UNIVERSITY OF LOUISIANA
SYSTEM (SOUTHEASTERN LOUISIANA
UNIVERSITY), ET AL

CIVIL ACTION

NUMBER 06-623-RET-SCR

**RULING MOTION FOR PROTECTIVE ORDER**
**and**
**RULING ON MOTION TO COMPEL DISCOVERY**

Before the court is a Motion for Protective order and to Extend Deadlines filed by defendants The Board of Supervisors of the University of Louisiana System, Dr. John Crain, Dr. David Evenson, Dr. Hunter Alessi and Dr. Tammy Bourg. Record document number 30. The motion is opposed.[1] Also before the court is the plaintiff's Motion to Compel Discovery. Record document number 27. This motion is opposed.[2] Oral argument was also heard on these motions.

**Background**

This complaint is based on alleged adverse actions taken against the plaintiff during his tenured employment with

---

[1] Record document number 35.

[2] Record document number 31. Plaintiff filed a reply memorandum. Record document number 34.

Southeastern Louisiana University (hereafter, the University) as a professor in the Music Department.  Plaintiff originally sued the Board of Supervisors of the University of Louisiana System (hereafter, the Board) and University Provost and Vice President for Academic Affairs Dr. John Crain.[3]

Plaintiff amended and supplemented his complaint to explain that the Board members were sued in their official capacity for prospective equitable or injunctive relief, and Dr. Crain was sued in both his official and individual capacities.[4]  Plaintiff also added as defendants, in both their official and individual capacities, Dr. David Everson, Dr. Hunter Alessi and Dr. Tammy Bourg.[5]  Plaintiff sought prospective equitable or injunctive relief against the individual defendants in their official capacity, and damages from the individual defendants in their individual capacity.[6]

Plaintiff amended his complaint again, this time deleting the Board as an entity but adding as defendants the following individual board members in their official capacity only: Jimmy

---

[3] Record document number 1, Complaint With Jury Demand, ¶ 1.

[4] Record document number 10, First Supplemental and Amended Complaint.

[5] *Id.*  Dr. Everson is the Chair of the Department of Music, *id.* ¶ VII; Dr. Alessi is the University Ombudsperson, *id.* ¶ XVI; Dr. Bourg is the Dean over the School of Arts and Humanities, *id.* ¶ XXI.

[6] *Id.* pp. 7-8.  Hereafter, these named defendants will be collectively referred to as "the individual defendants."

Long, Sr., Elsie Burkhalter, Michael Woods, Paul Aucoin, Victor Bussie, Renee Laeyrolerie, Andrew Coudrain, Wayne Parker, Winfred Sibille, Eunice Smith, Olinda Ricard, Connie Rougeou, Andrew Coudrain, Dr. Mildred Gallot, Robert Hale, and Jeff Jenkins.[7]

Plaintiff asserted claims under 42 U.S.C. § 1983 and alleged that he was denied due process in violation of the Fourteenth Amendment and was retaliated against in violation of the First Amendment.  Plaintiff also asserted that the defendants breached and/or interfered with his contractual rights concerning access to the University's grievance procedure and certain leave benefits of his tenured employment.

Specifically, the plaintiff alleged that his pending grievances had not been, and would not be, processed in accordance with University policies and that he was prohibited from filing any new grievances.  Plaintiff also alleged that new policies were promulgated and enforced against him which denied him a minimum of three weeks of leave per semester for creative activities. Plaintiff asserted that these actions were committed in retaliation for his filing grievances, a lawsuit in state court, and this action.

Defendants moved to dismiss the plaintiff's claims.[8] Defendants initially argued that the plaintiff's due process,

---

[7] Record document number 43, Second Amended Complaint. Hereafter, these named defendants will be collectively referred to as "the Board member defendants."

[8] Record document number 26.

retaliation, and contractual claims are barred by res judicata, specifically the doctrine of issue preclusion. Defendants also argued that the claims against the Board member defendants in their official capacity are barred by the Eleventh Amendment. Defendants asserted that the claims against the individual defendants in their individual capacity are precluded by qualified immunity.

### The Parties Motions

Shortly after the defendants' filed their Motion to Dismiss the plaintiff filed his Motion to Compel Discovery. Defendants simultaneously filed their opposition to the plaintiff's motion and their Motion for Protective Order and to Extend Deadlines. Defendants sought a protective order halting discovery until their Motion to Dismiss was decided and asked that all pending deadlines be continued and reset thereafter. Plaintiff's motion sought to compel the Board to respond to his request for production of documents and for the Board, certain individual defendants and others to appear for depositions.

### Analysis

Insofar as the Board sought to delay making its response to the plaintiff's document production request until the court ruled on their Motion to Dismiss, their motion is moot. Their motion was granted in part and denied in part September 11, 2008.[9] The court ruled that the plaintiff's Fourteenth Amendment due process claim

---

[9] Record document number 62.

based on denial of access to the University's grievance procedure is barred by res judicata and dismissed it.  The court conclude that the plaintiff's state law contractual claim is a claim upon which relief cannot be granted and it was also dismissed.  In all other respects, the defendants' motion was denied.

Insofar as the defendants requested in their motion that the scheduling order deadlines be suspended and reset, their request is reasonable.  A conference will be scheduled for that purpose.  However, the plaintiff's Motion to Compel discovery still must be decided.

Plaintiff served a Notice of 30(b)(6) Deposition and Request for Production of documents August 28, 2007.  Both were served through the Board's attorney.  At that time the Board was still a defendant.  However, the plaintiff's Second Amended Complaint filed February 21, 2008 removed the Board as a defendant.[10]  Plaintiff did not move to compel discovery until after the Board was no longer a defendant.  Therefore, the Board cannot now be compelled to respond to the plaintiff's Request for Production.[11]  Regarding the plaintiff's Notice of 30(b)(6) Deposition, because the Board is no longer a defendant it cannot now be required to appear for a

---

[10] Counsel for the plaintiff explained at oral argument that at the defendants' request the deposition was canceled.

[11] "A party may serve on any other **party** a request within the scope of Rule 26(b)" to produce documents.  Rule 34(a), Fed.R.Civ.P. (Emphasis added).

deposition unless properly served with a subpoena.[12]  There is no dispute that the plaintiff did not served the Board with a subpoena to appear at a deposition after it was no longer a party and before moving to compel discovery.

Plaintiff also complained that counsel for the defendants has not cooperated with scheduling the depositions of the individual defendants and others the plaintiff wants to depose.  The record is clear, however, that no notice to depose any of these persons was ever filed, as required by Rule 30(b), Fed.R.Civ.P.[13]

### Conclusion

Accordingly, the plaintiff's Motion to Compel Discovery is denied.  Defendants' Motion for Protective order and to Extend Deadlines is granted in part and denied in part.  The motion is granted insofar as the defendants sought an extension of the scheduling order deadlines.  A status conference will be set for the purpose of entering new scheduling order deadlines.  In all other respects, their motion is denied.

---

[12] A party may take the deposition of a public or private corporation, association or governmental agency.  Rule 30(b)(6).  Under Rule 34(c), a nonparty may be compelled to produce documents as provided in Rule 45.  Rule 45 governs the procedure for issuing and serving a subpoena for the production of documents by a nonparty at a deposition.

[13] While the agreement of counsel on a date for a deposition is preferred, it is not required by Rule 30.  The rule requires only reasonable notice.  After making a reasonable attempt to schedule a deposition on a convenient date, counsel desiring to depose a witness must simply schedule the deposition and serve a notice, and a subpoena when required.

Pursuant to Rule 37(a)(5)(B) and (C), Fed.R.Civ.P., the parties shall bear their respective costs incurred in connection with these motions.

Baton Rouge, Louisiana, September 12, 2008.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE