UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


DR. STEVEN RUSHING

VERSUS

THE BOARD OF SUPERVISORS OF
THE UNIVERSITY OF LOUISIANA
SYSTEM (SOUTHEASTERN LOUISIANA
UNIVERSITY), ET AL

CIVIL ACTION

NUMBER 06-623-RET-SCR


**RULING MOTION FOR SANCTIONS**

Before the court is a Motion for Sanctions filed by plaintiff Steven Rushing. Record document number 97. The motion is opposed.[1]

Plaintiff filed this motion seeking sanctions for the defendants' alleged failure to cooperate in scheduling depositions of defendants Tammy Bourg, Elsie Burkhalter and non-party Randy Moffett, as ordered by this Court on August 26, 2009.[2] Plaintiff asserted that despite numerous attempts since March 2010, he has been unable to obtain agreeable deposition dates from counsel for the defendants. Therefore, on July 21, 2010 the plaintiff noticed the depositions for August 18, 19, and 20, 2010 in accordance with Fed.R.Civ.P., Rule 30.

Email correspondence from Linda Law Clark to counsel for the

---

[1] Record document number 98. Plaintiff filed a reply memorandum. Record document number 102.

[2] Record document number 84.

plaintiff shows that she received the notices, stated that she would try to verify Moffett's availability on any of the dates and file a motion to quash if he is not, and suggested August 26 and 27 as possible dates to depose Burkhalter.

Counsel for the plaintiff responded with amenable dates to depose Burkhalter.  Plaintiff asserted that the defendants did not confirm any of the dates offered.  Plaintiff also asserted that defense counsel never indicated prior to Bourg's deposition date that would she would not be available on the date noticed.  Plaintiff also argued that he did not agree to cancel the deposition notices previously issued.

Bourg, Moffett and Burkhalter failed to appear at their depositions.  Plaintiff sought a default judgment against Bourg and Burkhalter, and also against defendant Board of Supervisors, under Rule 37(b)(2)(A)(vi).[3]  Alternatively, the plaintiff sought sanctions under Rule 37(b)(2)(A)(i) in the form of certain admissions of liability. Specifically, the plaintiff asked for the following facts to be deemed admitted: (1) the plaintiff engaged in protected activity for purposes of the First Amendment of the U.S. Constitution by complaining of matters of public concern; (2) the three named defendants infringed upon plaintiff's right to speak by denying his right to file grievances; and (3) the three named

---

[3] Plaintiff sought a default judgment or other sanctions against defendant Board of Supervisors because of Moffett's failure to appear for his deposition.

2

defendants subjected plaintiff to materially adverse actions such as denial of grievance rights, modification of allowed leave periods, and any other adverse actions as claimed in plaintiff's original Complaint as well as all subsequent Amended Complaints, in direct retaliation for plaintiff's protected activity of complaining about matters of public concern, in violation of the First Amendment of the U.S. Constitution.  In addition, or in the alternative, the plaintiff argued that monetary sanctions should be imposed under Rule 37(d)(3) and that the plaintiff be reimbursed for the attorney's fees and costs incurred in conjunction with the depositions.

Defendants argued that sanctions are not warranted because the deposition notices were not served properly.  The deposition notices were served via email sent to defense attorneys Clark, Glen Galbraith and Amy L. Gonzales.[4]  Defendants argued that service by electronic means is only proper if the person served has consented in writing.  Defendants argued that their attorneys did not consent in writing to the service of discovery papers by email.

Under Rule 30(b)(1), the deposing party is required to provide "reasonable written notice" of the depositions to every party. Rule 5(a)(1)(E) requires that a "written notice" must be served. Service on a party represented by an attorney is made by serving

---

[4] Counsel for the plaintiff also sent the email to attorney Brando DeCuir, but he is not counsel of record for the defendants.

3

the attorney, unless the court orders service on the party. Rule 5(b)(1). Service by electronic means is allowed "if the person consented in writing." Rule 5(b)(2)(E).

Plaintiff argued specifically that attorney Galbraith would have had to consent in writing to electronic service under Rule 5(b) at the time he obtained a PACER username and password for the Court's electronic filing and notification system.[5]

Perhaps surprisingly, this is not correct. The Court's records show that on July 23, 2004 attorney Galbraith signed a Consent to Receive Notice of Orders and Judgments Via Electronic Transmission. The form, however, only authorized electronic service of notice of entries of judgments and orders sent from the Clerk of Court. It did not authorize electronic service of papers directly from other counsel. The same is true for the authorizations signed by the defendants' other attorneys. The forms they signed provided as follows:

> I consent to receive notice of filings pursuant to Fed.R.Civ.P. 5(b) and 77(d) via the Court's electronic filing system, and consent to receive service from other filing users by Notice of Electronic Filing generated by the Court's electronic filing system.

Deposition notices sometimes are filed in the record, but there is no requirement that they be filed in the record, and these were not filed in the record. Because the deposition notice were not filed in the record they did not go through the Court's

---

[5] Record document number 102, reply memorandum, p. 1.

4

electronic filing system.  Plaintiff has not shown that any of the defendants' attorneys to whom the deposition notices were sent by email consented in writing to receive service of papers directly from other counsel by electronic means.  Consequently, the deposition notices were not properly served.[6]

Nonetheless, in the circumstances here, the defendants's subsequent conduct constitutes a waiver of the defective service.[7]  First, counsel for the defendants did not promptly object to the form of service, and apparently had never done so before.  A prompt objection would have given the plaintiff time to cure the defect by mailing the notices.  Second, although defendants' attorney Clark was well aware of the availability of a motion to quash, none was filed.

Defendants also argued that defense attorney Galbraith did not know of the scheduled depositions because plaintiff's counsel failed to send the notices to Galbraith's "calendaring" email address.  Defendants asserted that co-counsel Clark thought the depositions were no longer scheduled because she notified plaintiff's counsel that there were conflicts with the noticed

---

[6] As a routine practice, some attorney obtain written consent to directly serve all papers by electronic means from all counsel in the case.

[7] *See, In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989)("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived.")

dates.

The record shows that counsel for the plaintiff sent the deposition notices to the defendants' attorneys' email addresses that are listed with the Court. Plaintiff's method of notice was reasonable. The record also affirmatively shows that at least attorney Clark received these notices, and that attorneys Galbraith and Gonzales were at least aware of them. Plaintiff was not required to send the notices to other email addresses. Any lack of communication or coordination among defense counsel was for them to resolve.

Although the correspondence indicates the parties were in negotiations to change the deposition dates, the defendants have not shown that the plaintiff withdrew his deposition notices or that new dates were agreed upon prior to the noticed deposition dates. Moreover, the history of the plaintiff's efforts to schedule these depositions could not support a reasonable belief that the plaintiff would cancel them without defense counsel providing new - and confirmed - dates. Consequently, the depositions remained scheduled on August 18, 19 and 20, 2010, and the deponents were required to appear.

Plaintiff sought an award of attorney's fees. Rule 37(d)(3) provides the applicable sanction for a party's failure to appear for a deposition. These sanctions include any of the sanctions or orders listed in Rule 37(b)(2)(A)(i)-(vi). An award of attorney's

fees is specifically allowed by Rule 37(d)(3) when "a party or a party's officer, director, or managing agent – or a person designated under Rule 30(b)(6) or 31(a)(4) – fails, after being served with proper notice, to appear for that person's deposition."

Defendants argued that the plaintiff should not be awarded any attorney's fees since time preparing for these depositions was not wasted because the depositions will be rescheduled shortly. Defendants did not specifically contest either the amount of time expended by counsel for the plaintiffs to prepare for these depositions nor the hourly rates they charge.

The statement of attorneys' fees incurred as a result of scheduling these depositions included time for deposition preparation and to prepare this motion.[8]  Because the depositions were rescheduled within weeks of the preparation work, those hours were not completely wasted.  However, there is no reason to conclude that at least some time was needed to prepare for the rescheduled depositions.  These circumstances support awarding the plaintiff attorneys' fees for one-half of the time to prepare for the depositions of defendants Bourg and Burkhalter (2.25 hours for plaintiff's attorney Dan Scheuermann and 2.25 hours for attorney Raluca Vais-Ottosen) for a total of 4.5 hours.  The hourly rate charged by attorney Scheuermann is $300.  The hourly rate charged by attorney Vais-Ottosen is $120. Therefore, the plaintiff is

---

[8] Record document number 97, exhibits 6 and 7.

awarded attorney's fees of $945.[9]

Moffett is not a party. The notice for his deposition does not indicate that he was to be deposed as an officer of the defendant Board of Supervisors or a person designated by it under Rule 30(b)(6). His deposition was noticed, but there is no indication that he was served with a subpoena. There is no indication in the record that the defendants agreed to produce him for a deposition on August 20 without service of a subpoena. Plaintiff has not shown that Rule 37(d) sanctions are applicable to him.

Under Rule 45(e), the Court may hold a person in contempt if he "fails without adequate excuse to obey a subpoena." Moffett was not served with a subpoena. Rule 45 sanctions are not available as to him.

Because the plaintiff's motion is only granted in part, the parties shall bear their respective costs incurred in connection with this motion.[10]

Accordingly, the plaintiff's Motion for Sanctions is granted in part. The motion is granted insofar as the plaintiff sought

---

[9] Defendants noted that the plaintiff indicated that a court reporter was obtained on the first day of depositions. However, the plaintiff provided no evidence of charges that were incurred from the court reporter.

[10] Plaintiff included in his fee request 2.5 hours by attorney Vais-Ottosen to prepare this motion. Record document number 97-4, exhibit 7, p. 3.

attorney's fees to prepare for the depositions of Tammy Bourg and Elsie Burkhalter.  Plaintiff is awarded attorney's fees of $945, to be paid by these defendants with in 14 days.  In all other respects, the plaintiff's motion is denied.

Baton Rouge, Louisiana, October 25, 2010.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE