UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DR. STEVEN RUSHING                                    CIVIL ACTION

VERSUS                                               NO. 06-623

THE BOARD OF SUPERVISORS OF THE                       SECTION "C" (4)
UNIVERSITY OF LOUISIANA SYSTEM
(SOUTHEASTERN LOUISIANA UNIVERSITY),
ET AL

ORDER

This matter comes before the Court on third motion to dismiss and/or for

summary judgment filed by the defendants. Rec. Doc. 124. Having considered the

record, the memoranda of counsel and the law, the Court grants summary judgment for

the following reasons.

The Court previously granted an earlier motion to dismiss and/or for summary

judgment filed by the defendants. Rec. Docs. 100, 122. In so doing, the Court ordered

as follows:

6.     Any future motion for summary judgment and/or motion for
       reconsideration shall be accompanied with a separate summary of each
       specific claim being under consideration that includes: the pleadings in
       which the claim is made, the defendants against whom the claim is made,
       the capacity in which the defendants are being sued as to the claim, all
       dates relevant to the underlying claim along with proof of all relevant
       facts. Defenses shall be presented in the same manner. In addition,
       record reference to any previous order concerning an issue affecting the

1

motion as to a specific claim must be provided.

Rec. Doc. 122 at 15-16.[1]

In his opposition to defendants' motion for summary judgment, the plaintiff agrees with the defendants that the only remaining claims are "Title VII religious discrimination and First Amendment freedom of association claims, which were both raised in his Fourth Amended Complaint." Rec. Doc. 104, ¶41." Rec. Doc. 137-2; Rec. Doc. 124-4. At the same time, the plaintiff argues in his opposition that "[a]ll prior claims have been made the subject of his Fourth Amended Complaint" in defiance of the Court's order that remaining claims be specified.[2] Rec. Doc. 137 at 6-7. In light of the clarity of the Court's order and the plaintiff's own summary of claims, the Court finds that the plaintiff has abandoned any claim not set forth in his summary, and the Court will limit its discussion to those claims affirmatively identified as remaining by all parties.[3] Rec. Docs. 124-3, 137-2.

_____

[1]No motion for reconsideration was filed by the plaintiff. The Court finds that any claim previously dismissed remains dismissed and can not be reinstated by including mere discussion in opposition to the pending motion.

[2]In any event, the defendants fully incorporate all their arguments previously raised in conjunction with the Court's previous rulings. Rec. Doc. 124-1 at 3.

[3]The plaintiff attaches 63 exhibits, some of which are not referenced in his opposition. The Court will only consider the specific portions of exhibits to which the plaintiff chose to make reference in his opposition and only to the extent they are relevant to the remaining claims.

2

**Title VII**[4]

The defendants first challenge the plaintiff's Title VII claim contained in the Fourth Amended Complaint pertaining to discrimination based on religion that allegedly occurred between May 2008 and May 2010. Rec. Doc. 104 at ¶¶ 35, 42, 43. Claims were presented to the EEOC, which issued a right to sue letter dated May 12, 2010.[5] Rec. Doc. 104. The defendants argue that the plaintiff's Title VII religious discrimination claims are based on the same facts as his First Amendment/freedom of religion claims, which were unopposed and dismissed.[6] Rec. Doc. 124-1 at 6–7. In this motion, the defendants argue that the plaintiff can not make a prima facie case of

---

[4]The Court previously dismissed the plaintiff's title VII claims contained in the original complaint as unopposed. Rec. Doc. 122 at 5.

[5]No copy of the charge pertaining to the plaintiff's first charge with the EEOC was provided by the plaintiff in conjunction with this motion, and no right to sue letter pertaining to the second charge signed on June 24, 2010, was attached to the Fourth Amended Complaint. That latter charge also references that the plaintiff is suing for Title VII discrimination on the basis of disability in addition to religion. Rec. Doc. 104.

[6]That ruling was as follows:
"The Court finds that the plaintiff fails to show that Dr. Evenson's action in giving plaintiff community service credit rather than professional activity credit for paid performances at churches or temples to which the plaintiff did not belong violated the plaintiff's freedom of religion or otherwise prevented the plaintiff from participating in his religion. In addition, the Court finds that Dr. Evenson's actions were objectively reasonable for purposes of qualified immunity, to the extent that plaintiff sues Evenson in his individual capacity. Again, the plaintiff does not oppose dismissal based on qualified immunity." Rec. Doc. 122 at 5–6.

religious discrimination under Title VII because the undisputed evidence establishes that other department members receive the same classification for paid religious service work and because the plaintiff suffered no adverse employment action. *Id.* at 7. The plaintiff construes this argument as challenging the fact that "he is not himself Jewish," although he also challenged the community service credit for paid work at a Presbyterian church, and that he was subjected to "discrimination by association" because one of the jobs was at a synagogue. Rec. Doc. 137 at 4.

Title VII of the Civil Rights Act of 1964 provides that it "shall be unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, sex, or national origin . . ." *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973) (citing 42 U.S.C. § 2000e-2(a)). In *McDonnell Douglas,* the Supreme Court established a burden shifting framework to analyze Title VII discriminatory treatment cases that can only be proven by circumstantial evidence. 411 U.S. at 802. First, the plaintiff must make a prima facie case by demonstrating that: (1) he was a member of a protected class, (2) he was qualified for his position, (3) he was subjected to adverse employment action, and (4) similarly situated employees not in his

4

protected class were treated more favorably in like circumstances. *McDonnell Douglas,* 411 U.S. at 802; *Pegram v. Honeywell, Inc.,* 361 F.3d 272, 281 (5th Cir. 2004). If the plaintiff establishes his prima facie case, the burden then shifts to the employer to put forth legitimate, non-discriminatory reasons for its actions. *McDonnell Douglas*, 411 U.S. at 802. Upon doing so, the burden then shifts back to the plaintiff to show that the employer's legitimate reasons were just pretext for discrimination. *Id.*

Here, the plaintiff can not and does not address the fact that he can not carry his burden of proof as to fourth element, that similarly situated employees not in his protected class were treated more favorably. *Okoye v. Univ. of Texas Houston Health Sci. Ctr.,* 245 F.3d 507, 512-13 (5th Cir. 2001). In disparate treatment cases, the plaintiff-employee must show "nearly identical circumstances" for employees to be considered similarly situated. *Berguist v. Wash. Mut. Bank*, 500 F.3d 344, 353 (5th Cir. 2007).

In addition, the Court agrees that the plaintiff has not shown that he was subjected to an adverse employment action, which "consists of ultimate employment decisions such as hiring, granting leave, discharging, promoting and compensating." *Pegram*, 61 F.3d at 282. "[W]here the evidence produces no objective showing of a loss in compensation, duties, or benefits, but rather solely establishes that a plaintiff was transferred from a prestigious and desirable position to another position, that evidence

5

is insufficient to establish an adverse employment action." *Id.*, citing *Serna v. City of San Antonio*, 244 F.3d 479, 485 (5th Cir. 2001). If a transfer is not a qualifying event, the "misclassification" of credit fails as well.

Instead, the plaintiff relies on case law pertaining to retaliation, which is not at issue here. No proof that a retaliation charge was ever filed with the EEOC has been provided or alleged in the Fourth Amended Complaint. Rec. Doc. 104. In addition, it is not among the claims identified by the plaintiff as remaining. Rec. Doc. 137-2.

Finally, the Court rejects the plaintiff's argument that the credit he received for the paid performance at a synagogue constitutes "discrimination by association." Rec. Doc. 137 at 4–5. The Court finds that this tenured professor's situation is not comparable to the discrimination or retaliation an interracial or engaged couple may encounter by virtue of their relationship. *See Thompson v. North American Stainless, LP.,* 131 S.Ct. 863 (2011); *Deffenbaugh-Williams v. Wal-Mart Stores, Inc.*, 156 F.3d 581 (5th Cir. 1998), *vacated in part,* 169 F.3d 215 (5th Cir. 1999)(*en banc*).

**First Amendment Freedom of Association**

The defendants construe the plaintiff's First Amendment freedom of association claim as relating to the classification of outside paid performance by Dr. Evenson, and argue that those claims are subject to dismissal on the basis of prescription and the

6

undisputed fact that nothing prevents the plaintiff from exercising his "expressive association."  Rec. Doc. 124-1 at 8–9.  The plaintiff opposes with the following:

> If plaintiff cannot receive credit for professional activities involving his performance with religious organizations, he must seek alternative activities that would satisfy SLU's otherwise discriminatory requirements.  Therefore, Dr. Rushing would have to give up his religious associations in order to perform his job pursuant to the arbitrary and capricious standards set by Dr. Evenson.

Rec. Doc. 137 at 5.

The Court finds the plaintiff's argument is illogical for at least two fundamental reasons.  Unless the plaintiff performs at the synagogue 24/7, it is hard to imagine how he is prohibited from pursuing his religious association there by performing somewhere else that will provide the needed credit.  Secondly, it is hard to imagine how performing for pay at a synagogue is, in itself, a religious association where, as here, the plaintiff freely admits that he is not Jewish.

The remainder of the plaintiff's opposition allegedly pertaining to his claims for "First Amendment Freedom of Association" are in disregard of the Court's order that the plaintiff specify any claims he considers remaining after the previous orders of dismissal.  Rec. Doc. 122 at 15–16.  The plaintiff blatantly attempts to resurrect all of his previous claims by virtue of language which, although contained in the Fourth Amended Complaint, is totally absent in the plaintiff's own summary of remaining

7

claims.   Rec. Docs. 104 at 2; Rec. Doc. 137 at 6–7, 137-2.  In so doing, the plaintiff refuses to acknowledge that previous claims were dismissed.   For instance, he references "constitutionally-protected academic freedom rights," repeats the "denial of access to the grievance process," and reclaims contractual rights.   Rec. Doc. 137 at 7–9.   He specifically claims property and contractual rights that "[t]enure does guarantee teaching the same classes, even to the exclusion of teaching other classes."   Rec. Doc. 137 at 9– 18.  Then, he attempts to present a separate claim for a "constitutional right" of unidentified origin to access the university grievance process, although reference to a Supreme Court First Amendment jurisprudence and "academic freedom" is made.  Rec. Docs. 137 at 18–25.

Not only are these claims not a part of the defendants' motion or plaintiff's summary of claims, the Court finds that these claims have not been properly plead or identified.   Although they are inarticulately discussed in this opposition, the record reflects that they have been dismissed.   *See e.g.*, Rec. Doc. 122 at ¶¶ 1c,1d, 1e at fn4, 3a, 3b, 3c, 3d,3e, 3j, 3k,3l.   The refusal of plaintiff's counsel to comply with the Court's orders regarding the specification of remaining claims under these circumstances appears to be especially egregious and independently warrants the Court's disregard of claims not included in the plaintiff's own record summary.  Rec. Doc. 137-2.  Again, this

case was filed in 2006, the Court finds that any unspecified claim has been affirmatively abandoned for present purposes. To the extent that the plaintiff is devising new claims, the Court previously ordered that no further amendments would be allowed in this matter. Rec. Doc. 122 at 16.

**Disability**

The plaintiff's own Title VII claim for discrimination based on disability needs to be addressed. Although he chooses to disregard it in his opposition, it is addressed in the defendants' motion. The record reflects that the plaintiff previously alleged disability based on depression and anxiety. Rec. Doc. 124-1 at 9–10. The dismissal of that claim is granted as properly supported and as unopposed by the plaintiff.

**Conclusion**

Plaintiff, at all times during the last six years, has been represented by licensed counsel. This fact and counsel's apparent refusal to abide by the Court's order regarding the specification of remaining claims amplify the Court's concern that at least portions of the plaintiff's opposition appears to have been written by the plaintiff himself. *See e.g.,* Rec. Doc. 137 at 21 ("... a clear connection among <u>my</u> freedom rights ...")(emphasis added). The possibility that counsel may have surrendered his responsibilities to a layman client may provide an explanation, but not an excuse for the

9

unnecessary difficulty that has been associated with this litigation.

Accordingly,

**IT IS ORDERED** that the third motion for summary judgment filed by the defendants is GRANTED. Rec. Doc. 124. Judgment in favor of the defendants and against the plaintiff shall be entered, dismissing all of the plaintiff's claims with prejudice

New Orleans, Louisiana, this 20th of April, 2012.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

Case 3:06-cv-00623-HGB -KWR   Document 143   04/23/12   Page 10 of 10